OPINION *Page 2 
{¶ 1} Defendant-appellant Larry B. Harvey appeals his conviction and sentence in the Lancaster Municipal Court on one count of operating a vehicle while under the influence of alcohol, in violation of R.C. § 4511.19(A)(1)(a), and one count of driving left of center, in violation of R.C. § 4511.25.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 3} On March 31, 2006, an individual who identified himself as Larry Harvey was stopped by State Highway Patrolman Trooper Rusty Lanning in Fairfield County, Ohio, for driving left of the center line. After further investigation, Mr. Harvey was arrested and ultimately charged with operating a vehicle under the influence of alcohol, in violation of R.C. § 4511 .19(A)(1)(a) and left of center, in violation of R.C. §4511.25.
 {¶ 4} On April 5, 2006, Appellant Harvey appeared for the arraignment and entered pleas of not guilty to both charges.
 {¶ 5} On October 12, 2006, a jury trial was held, wherein the only witness at trial was Trooper Lanning.
 {¶ 6} At the conclusion of the State's case, Appellant moved for an acquittal pursuant to Crim.R. 29 arguing that the State failed to produce sufficient evidence *Page 3 
identifying Appellant as the individual Trooper Lanning stopped, investigated and arrested on March 31, 2006.
 {¶ 7} The trial court overruled Appellant's Criminal Rule 29 motion, holding:
 {¶ 8} "Well, in this case, we do have a videotape. To this Court, it does clearly show that the defendant was, uh, stopped. Um, the Court also, I, I see where Mr. Wood is going, but I think that, uh, identification, while maybe not ideal, that was performed by, uh, through the testimony of Trooper Lanning by Mr. Wideman is going to be acceptable to deny the Criminal Rule 29 motion. Anything further?" (T. at166).
 {¶ 9} Thereafter, the jury returned a verdict of guilty on the OVI charge and the trial court found Appellant guilty of the left of center charge.
 {¶ 10} The trial court sentenced Appellant to a fine of $250 plus court costs and probation fees, a 1 year driver's license suspension, 100 days in jail, with 97 days suspended, 2 years probation, 3 days to serve in a driver intervention program, and 16 hours of community service.
 {¶ 11} Appellant filed a timely notice of appeal and raises the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 12} "I. THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL THAT DEFENDANT WAS THE INDIVIDUAL WHO COMMITTED THE OFFENSE."
 I. {¶ 13} In his sole assignment of error, appellant maintains that his conviction was not supported by sufficient evidence. We disagree. *Page 4 
 {¶ 14} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 15} Appellant challenges the sufficiency of the evidence of his convictions by raising the issue of identification. Specifically, Appellant argues that Trooper Lanning never specifically identified Appellant as the individual he stopped, investigated and arrested on March 31, 2006.
 {¶ 16} Upon review of the record, we find that Trooper Lanning did identify Appellant at trial as the offender he stopped on March 31, 2006, when Trooper Lanning gestured towards Appellant from the witness stand while testifying "I contacted the driver, uh, which turned out to be Mr. Harvey, uh, on the driver's side window." (T. at 10). While making this statement, Trooper Lanning looked from the witness stand to where the Defendant was seated and gestured towards him with his head and hand. (Video of trial at 1:33:43).
 {¶ 17} Additionally, a video DVD of the traffic stop was played for the jury which showed Appellant as the person arrested on the night in question. The jury was able to view and compare the offender on the video to Appellant. (State's Trial Exhibit 2) and (T. at 51-68).
 {¶ 18} Furthermore, the responses of Trooper Lanning on cross-examination indicated that it was in fact Appellant that he stopped and arrested on March 31, 2006: *Page 5 
 {¶ 19} Defense Counsel: "That would have been after you already arrested my client, after you made a decision in your mind that he was under the influence of alcohol, correct."
 {¶ 20} Trooper Lanning: "Yes" (T. at 73).
 {¶ 21} Defense Counsel: "After you stopped my client you go up to the vehicle and at that point you have personal contact with him, is that correct?"
 {¶ 22} Trooper Lanning: "Correct". (T. at 87).
 {¶ 23} Defense Counsel: "When you asked my client to perform these field sobriety tests, uh, he had a legal right to refuse, he did not have to do these tests for you, did he?"
 {¶ 24} Trooper Lanning: "No he did not." (T. at 118).
 {¶ 25} In such responses, Trooper Lanning affirms that it is defense counsel's "client" that he stopped and arrested that night.
 {¶ 26} In light of such testimony, we find appellant's sufficiency challenge not well-taken.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is affirmed. By: Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is affirmed. Costs to appellant. *Page 1